UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| BERNARD KIRK BARNES, | § | |
| TDCJ # 01952319, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 3:18-CV-0040 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | § | |

## ORDER

Petitioner Bernard Kirk Barnes, an inmate in the custody of the Texas Department of Criminal Justice–Correctional Institutions Division ("TDCJ"), has filed a federal petition for habeas corpus. Barnes is proceeding *pro se* and *in forma pauperis*. After reviewing all of the pleadings as required under 28 U.S.C. § 2241, *et seq.*, and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court **ORDERS** as follows:

1. Respondent shall file an answer to the Petition (Dkt. 1), in compliance with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, no later than **September 28, 2018.** Respondent shall forward a copy of same to the petitioner.

2. If appropriate, the respondent's answer shall contain: (a) a statement of the authority by which petitioner is held, and if held under the judgment of any court(s) the

name of such court(s) and the number and style of the case(s) in which same were entered; (b) the offense(s) and sentence(s); (c) a specific response to each factual allegation and legal contention with applicable authority; (d) a statement as to whether petitioner has exhausted all state remedies, either by appeal or collateral attack; and (e) a statement indicating what transcripts of pretrial, trial or plea, sentencing and post-conviction proceedings are available (or which may later be available) and when they can be furnished, and what proceedings have been recorded and not transcribed.

3. In addition, the copy of respondent's answer filed with the Court shall be accompanied by the following documents relating to the conviction(s) of the state court which petitioner attacks: (a) copies of the indictment(s), judgment(s), sentence(s), and order(s) pursuant to which petitioner is being held; (b) if petitioner appealed from the judgment of conviction or from an adverse judgment or order in a post-conviction proceeding, a copy of the petitioner's brief on appeal and a copy of the judgment(s) on appeal, the statement of facts on appeal, the opinion(s) of the appellate courts or a reference to where it or they may be found in the reports; (c) if petitioner has collaterally attacked the judgment of conviction or order in a post-conviction proceeding, a copy of petitioner's application for collateral relief including all answers and judgments rendered as a result; and (d) a copy of only such portions of the transcripts respondent considers relevant for the proper resolution of this action.

4. Unless otherwise instructed by the Court, each party shall serve the other party, or counsel, with a copy of every pleading, letter, or other document submitted for consideration by the Court; service shall be by mail to the other party. Although the petitioner is *pro se*, he must provide a copy of all future pleadings, motions, and correspondence filed with the Court to respondent's counsel. Every pleading or document filed with the Clerk of Court shall contain a signed certificate stating the date a true and correct copy of the pleading or document was mailed and to whom mailed. Any pleading or other document received by the Clerk which fails to include the certificate of service will be returned to the submitting party. Failure to mail a copy of the pleadings as certified by the certificate may subject the petitioner to sanctions by the Court. There will be no direct communications with the U.S. District Judge or Magistrate Judge. Communications must be submitted to the Clerk with copies to the other party.

5. Whether the respondent elects to submit an answer or a dispositive motion (*i.e.*, a motion to dismiss or for summary judgment), the petitioner shall file any reply within **thirty (30) days** of the date reflected on the certificate of service. If the petitioner fails to comply on time, the Court may dismiss this case for want of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

6. The Clerk shall electronically serve a copy of the Petition (Dkt. 1) and this order upon (1) the Respondent, Lorie Davis, P.O. Box 99, Huntsville, Texas 77342-0099; (2) the Attorney General of the State of Texas, Ken Paxton, Attention: Edward L.

Marshall, Chief, Criminal Appeals Division (Mail Code 066), P.O. Box 12548, Capitol Station, Austin, Texas 78711-2548, and (3) the Attorney General's Docketing Clerk: Laura.Haney@texasattorneygeneral.gov.

The Clerk will provide copies of this order to the parties.

SIGNED at Galveston, Texas, this 28th day of June, 2018.

George C. Hanks Jr.
United States District Judge