IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| BERNARD KIRK BARNES, § <br> TDCJ # 01952319, § <br> § <br> Petitioner, § <br> § <br> VS. § <br> § <br> LORIE DAVIS, § <br> § <br> Respondent. § | CIVIL ACTION NO. 3:18-0040 |

# MEMORANDUM OPINION AND ORDER

Petitioner Bernard Kirk Barnes, an inmate in the custody of the Texas Department of Criminal Justice–Correctional Institutions Division ("TDCJ"), proceeds *pro se* and *in forma pauperis*. Barnes filed a federal petition for habeas corpus regarding his parole eligibility date (Dkt. 1). Respondent has filed an electronic copy of state court records (Dkt. 9) and a motion for summary judgment (Dkt. 10). Barnes has not responded to the motion, and the time to do so has expired. Having considered the petition, the motion, the applicable law, and all matters of record, the Court will **grant** summary judgment for Respondent for the reasons explained below.

**I.    BACKGROUND**

Barnes is serving a ten-year sentence in TDCJ as a result of a 2014 conviction in Rockwall County for possession of a controlled substance. *See* Offender Information Details (available at https://offender.tdcj.texas.gov/OffenderSearch/index.jsp) (last visited June 20, 2019). In these habeas proceedings, Barnes seeks to challenge his "parole

eligibility date" (Dkt. 1, at 2, 5). He claims that TDCJ officials have violated his due process rights in connection with his eligibility for parole review:

> Parole has a policy that an offender is not elig[i]ble for parole if he or she has had a disciplinary case within the last (6) months prior to the el[igibi]lity date. My last case was June 26th 2017 however I appealed that disciplinary conviction and the case was overturned with an option for rehearing and was reheard on Oct 26, 2017. Now when I became elig[i]ble for parole the unit parole officer is now saying that he[']s going by the rehearing date of Oct 26th 2017 to make me inelig[i]ble for parole when Rule XIII(D)(2) clearly state[s] the original date of disciplinary conviction is the date used. To use the new date amounts to retaliating against me because I appeared. I am s[upp]osed to be elig[i]ble for a parole interview because I have not had a disciplinary infraction in 8 months when the requirement is six months.

(*id.* at 6). Barnes seeks an order from this Court instructing the Board of Pardons and Paroles that he "is in fact elig[i]ble to be interview[ed] for parole" as part of a "yearly parole review" because the date of his disciplinary infraction (June 26, 2017) rather than the rehearing date (October 26, 2017) should be used for calculating the amount of time since his last infraction (*id.* at 7).

Respondent has submitted an affidavit from Charley Valdez, a program supervisor with TDCJ's Classification and Records Department (Dkt. 10-1). Valdez reviewed the records for Barnes and states that Barnes was reviewed and voted by the Board of Pardons and Paroles on June 16, 2015; April 12, 2016; and February 10, 2017 (Dkt. 10-1, at 3). On October 28, 2017, Barnes was removed from parole review because of his disciplinary case:

> Pursuant to 37 Texas Administrative Code Section 145.3(4)(A), on 10/28/2017, Offender Barnes was removed from parole review because he had received a major disciplinary infraction, for which he lost 300 days of good time, occurring on 06/26/2017. The first hearing occurred on July 6,

2017; but, after Offender Barnes filed a grievance, and his good time was restored, the disciplinary case was reheard on 10/26/17. Offender Barnes against lost 300 days of good time credit.

(*Id*. at 4) (citing Exhibits A and B).[1]

Barnes filed his petition in this case on February 9, 2018. The Board again reviewed Barnes on February 28, 2018 and denied him release on parole (*id*.). Publicly available TDCJ records indicate that on December 17, 2018, after Valdez prepared his affidavit, Barnes again was denied parole and that he is scheduled for his next review in December 2019. *See* Parole Review Information (available at https://offender.tdcj.texas.gov/OffenderSearch/reviewDetail.action?sid=01950705&tdcj=01952319&fullName=BARNES%2CBERNARD+KIRK) (last visited June 20, 2019).[2]

Barnes has filed 29 applications for post-conviction relief with the Texas Court of Criminal Appeals, including three writs filed since his 2014 conviction (WR-7,589-27; WR-7,589-28; WR-7,589-29).[3] However, all three recent writs challenge his conviction and do not pertain to his parole eligibility date or his 2017 disciplinary case. Barnes concedes that he has not filed any petitions or applications in state court challenging his

---

[1] Exhibit A to Valdez's affidavit is Barnes' disciplinary record which reflects that he lost 300 days of good time based on a hearing on October 26, 2017 (*id*. at 6). Exhibit B is a record demonstrating that on September 26, 2017, TDCJ officials corrected Barnes' disciplinary case record by deleting the report for Barnes' offense on June 26, 2017 (*id.* at 8-10).

[2] TDCJ records indicate that the Board had two reasons for its denial in December 2018: Barnes' criminal history and substance abuse. *See id*. ("1D Criminal History–The record indicates that the offender has repeatedly committed criminal episodes that indicate a predisposition to commit criminal acts upon release" and "3D Drug or Alcohol Involvement–The record indicates excessive substance use involvement").

[3] *See* Dkt. 9-29 through Dkt. 9-39; Case Search, Texas Court of Criminal Appeals (available at http://search.txcourts.gov/CaseSearch.aspx?coa=coscca&s=c) (last visited June 20, 2019).

parole eligibility date (Dkt. 1, at 5), although he filed an administrative grievance with TDCJ and was told that the issue was not grievable (*id*. at 5, 11-12).

Valdez's affidavit states that Barnes is not eligible for "discretionary mandatory supervision" because of his prior conviction for robbery by threat (Dkt. 10-1, at 3).[4] Barnes agrees that he is ineligible for mandatory supervision (Dkt. 1, at 5).

## II.  LEGAL STANDARDS

### A.  *Pro Se* Pleadings

Federal courts do not hold *pro se* habeas petitions "to the same stringent and rigorous standards as . . . pleadings filed by lawyers." *Hernandez v. Thaler*, 630 F.3d 420, 426 (5th Cir. 2011) (internal quotation marks and citation omitted). "The filings of a federal habeas petitioner who is proceeding *pro se* are entitled to the benefit of liberal construction." *Id*.

### B.  **Summary Judgment Standard in Habeas Corpus Proceedings**

This federal petition for habeas corpus relief is governed by the applicable provisions of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). *See Woodford v. Garceau*, 538 U.S. 202, 205-08 (2003); *Lindh v. Murphy*, 521 U.S. 320, 335-36 (1997). In ordinary civil cases, a district court considering a motion for summary judgment is required to construe the facts of the case in the light most favorable to the non-moving party. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986). "As a general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to summary

---

[4]  Valdez states that Barnes served his sentence for robbery by threat under a different TDCJ number (TDCJ # 00428113) (*id*.).

judgment, applies with equal force in the context of habeas corpus cases." *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000). However, AEDPA modifies summary judgment principles in the habeas context, and Rule 56 "applies only to the extent that it does not conflict with the habeas rules." *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002), *overruled on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004); *see Torres v. Thaler*, 395 F. App'x 101, 106 n.17 (5th Cir. 2010).

### III. DISCUSSION

As a preliminary matter, this Court has jurisdiction over Barnes' petition because he was in custody at the Wayne Scott Unit in Brazoria County when he filed his petition. *See* 28 U.S.C. § 2241(d); *Wadsworth v. Johnson*, 235 F.3d 959, 962 (5th Cir. 2000). Brazoria County is in the Southern District of Texas, Galveston Division. *See* 28 U.S.C. § 124(b)(1).

Barnes' federal habeas claim fails for two reasons.[5] First, Barnes' petition is moot because he has received the relief the petition seeks, namely, a "yearly parole review" (Dkt. 1, at 7). After filing his petition on February 9, 2018, Barnes was reviewed by the Board of Pardons and Paroles on February 28, 2018, and again on December 17, 2018. His next review is scheduled for December 2019. *See* Dkt. 10-1, at 4; Parole Review Information (available at https://offender.tdcj.texas.gov/OffenderSearch/reviewDetail.

---

[5] Respondent seeks summary judgment based on Barnes' failure to exhaust his available state remedies as required by 28 U.S.C. § 2254(b). The Court does not address exhaustion because, even if Barnes had filed a state habeas application raising his claims, his federal claim would fail for the reasons stated above.

action?sid=01950705&tdcj=01952319&fullName=BARNES%2CBERNARD+KIRK) (last visited June 20, 2019).

Moreover, due process requirements do not apply to Barnes' claim because parole is wholly discretionary. A Texas inmate can obtain early release from imprisonment either by "parole" or by "mandatory supervision" release. "Parole" means "the discretionary and conditional release of an eligible inmate . . . so that the inmate may serve the remainder of the inmate's sentence under the supervision of the pardons and paroles division." TEX. GOV'T CODE § 508.001(6). "Mandatory supervision" is "the release of an eligible inmate . . . so that the inmate may serve the remainder of the inmate's sentence not on parole but under the supervision of the pardons and paroles division." *Id*. § 508.001(5). Whereas parole is wholly discretionary, an inmate's release to mandatory supervision is required, subject to certain exceptions, when the "actual calendar time the inmate has served plus any accrued good conduct time equals the term to which the inmate was sentenced." *Id.* § 508.147(a). *See Jackson v. Johnson*, 475 F.3d 261, 263 n.1 (5th Cir. 2007).

Prison inmates are entitled to protection under the Due Process Clause only when an official action infringes upon a constitutionally protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472 (1995). The United States Supreme Court has recognized that the states have no duty to establish a parole system and that there is no constitutional right to be released on parole before the expiration of a valid sentence. *See Board of Pardons v. Allen*, 482 U.S. 369, 378 n.10 (1987) (explaining that "statutes or regulations that provide that a parole board 'may' release an inmate on parole do not give rise to a

protected liberty interest"); *Greenholtz v. Inmates of the Neb. Penal & Correctional Complex*, 442 U.S. 1, 11 (1979) (holding that a statute which "provides no more than a mere hope that the benefit will be obtained . . . is not protected by due process"). Thus, the Due Process Clause does not include a right to parole. Likewise, the Fifth Circuit has recognized repeatedly that the Texas parole statutes create no constitutional right to release on parole because they encourage no expectancy of early release. *See Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995); *Williams v. Briscoe*, 641 F.2d 274, 277 (5th Cir. 1981). As a result, even when a Texas inmate is eligible for discretionary parole, the inmate has "no protected liberty interest in parole." *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997). *See Toney v. Owens*, 779 F.3d 330, 342 (5th Cir. 2015) ("even if the parole board considered unreliable or even false information . . . in making its parole determinations, this simply does not assert a federal constitutional violation") (internal citation, quotation marks, and alterations omitted) (quoting *Johnson*, 110 F.3d at 308).

As stated above, the parties agree that Barnes is ineligible for mandatory supervision. Under the authority cited above, he does not have a protected liberty interest in attaining parole. Therefore, even if Barnes' claim were not moot, his claim that he was denied review for discretionary parole without due process would fail.

Summary judgment therefore will be granted and Barnes' claim will be dismissed with prejudice.

## IV. CERTIFICATE OF APPEALABILITY

Habeas corpus actions under 28 U.S.C. § 2254 or § 2255 require a certificate of appealability to proceed on appeal. 28 U.S.C. § 2253(c)(1); *Miller-El v. Cockrell*, 537

U.S. 322, 335-36 (2003). Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "'that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (internal citation and quotation marks omitted). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).

After careful review of the pleadings and the applicable law, the Court concludes that reasonable jurists would not find its assessment of the claims debatable or wrong. Because the petitioner does not allege facts showing that his claims could be resolved in a different manner, a certificate of appealability will not issue in this case.

## IV. CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. The petition for habeas corpus under 28 U.S.C. § 2254 (Dkt. 1) is **DISMISSED** with prejudice.

2. A certificate of appealability is **DENIED**.

The Clerk will provide copies of this order to the parties.

SIGNED at Galveston, Texas, this 21st day of June, 2019.

                                                    George C. Hanks Jr.
                                                    United States District Judge